UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                        PLAINTIFF

v.                                              Case No.  2:14-cr-20027-001

WILLIAM ALEXANDER                                                                              DEFENDANT

## ORDER

Before the Court is Defendant William Alexander's pro se motion (Doc. 96) for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  No response has been filed and the deadline to respond has passed.  Alexander asks for compassionate release because he has a high risk of suffering complications from the COVID-19 virus due to a tumor on his lungs and a history of pneumonia.  He provides no medical records in support of these claims.  After reviewing the motion and the final presentence investigation report (Doc. 81), the Court will deny the motion.

18 U.S.C. § 3582(c)(1)(A)(i) provides that:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).  Alexander has not exhausted his administrative remedies but asks that the Court either waive this requirement or find it futile.  The Court need not address the issue of administrative remedies because it will deny the motion on the merits.

The Court must consider the factors under 18 U.S.C. 3553(a) when considering a motion for compassionate release.  18 U.S.C. § 3582(a)(1)(A)(i).  Based on the limited evidence before

1

the Court, Alexander does not carry his burden of showing the § 3553(a) factors weigh in favor of his release. The undisputed facts in the PSR show that Alexander distributed significant quantities of methamphetamine in the region, operating as a source of supply for other large distributors. (Doc. 81, p. 5, ¶ 22). When law enforcement officers arrested Alexander, he was transporting nearly 3 kilograms of actual methamphetamine from Oklahoma to Fort Smith, Arkansas. (*Id.* at ¶¶ 40-42). According to Alexander, he obtained between 10 and 20 pounds of methamphetamine every day for a few months from seven or eight different sources of supply. (*Id.* at ¶ 42). Alexander "always" conducted methamphetamine transactions inside his home. (*Id.* at ¶ 23). Notably, when law enforcement searched Alexander's home, they discovered ten firearms inside a gun cabinet. (Id. at ¶¶ 47-48).

These facts and others in the presentence report make clear that William Alexander was a large-scale drug trafficker in this area. He had nearly ten sources of supply and he distributed to countless other traffickers. He has extensive regional connections in the drug trade. The nature and circumstances of this offense and the defendant's history and characteristics weigh strongly in favor of denying his motion. If Alexander is released from custody, the Court considers recidivism likely, especially considering his own admission that he unsuccessfully attempted to quit distributing methamphetamine in the past. (*Id.* at 42). For these reasons, the motion will be denied.

However, the motion will be denied without prejudice. Though the motion represents Alexander has a tumor on his lungs and has twice suffered from pneumonia (both of which would likely put him "at risk" during the present pandemic), he fails to submit with his motion any medical records corroborating these claims. The Warden and BOP may have more information as to Alexander's medical condition than is presently before the Court and that information could tilt the § 3553(a) factors in support of compassionate release. The motion will be denied without

prejudice to the BOP's ability to move the Court for compassionate release.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 96) for compassionate release is DENIED WITHOUT PREJUDICE as stated herein.

IT IS SO ORDERED this 28th day of May, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE